IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA,       *
                                *
          Plaintiff,            *
                                *
     v.                         *     CV 112-138
                                *
SHAHIDA F. PATKA,               *
                                *
          Defendant.            *
```

**O R D E R**

Presently pending before the Court is the United States of America's ("Government") motion to enter default judgment against Defendant Shahida F. Patka ("Defendant"). (Doc. no. 7.) For the following reasons, the Government's motion is hereby **GRANTED**.

## I. UNDISPUTED FACTS[1]

During the fourth quarter of 2001 and the first and third quarters of 2002, Medical Solutions, Inc. ("Medical Solutions") collected its employees' withheld federal income and Federal Insurance Contributions Act ("FICA") taxes. (Compl. ¶ 4.) However, instead of paying those funds over to the United

---

[1] Due to Defendant's failure to file a responsive pleading to the Complaint, the Government's allegations are deemed admitted. Fed. R. Civ. P. 8(b)(6).

1

States, Medical Solutions used them for its own business expenses. (Id.) Defendant was the vice president and a 50 percent owner of Medical Solutions. (Id. ¶ 6.) She "made financial decisions for [Medical Solutions], had check signing authority, signed checks, and authorized payment of payroll during the relevant taxable periods." (Id.) Defendant "failed to ensure that [Medical Solutions] paid" the federal income and FICA taxes at issue to the United States and permitted Medical Solutions to use the funds to satisfy its business expenses. (Id. ¶ 5.) The Internal Revenue Service sent notices of tax assessments and demands for payment of these funds to Defendant,[2] (id. ¶ 7), but Defendant "failed, neglected, or refused" to satisfy these assessments. (Id. ¶ 8).

On September 18, 2012, the Government filed suit against Defendant under 26 U.S.C. § 6672 to obtain trust fund recovery penalties ("TFRPs") against Defendant for an amount equal to the federal tax liabilities incurred by Medical Solutions. The Government also seeks to recover costs and the interest accrued on the TFRPs and costs. (Doc. no. 1.) The Government sent a waiver of service summons to Defendant on September 19, 2012, which Defendant signed. (Doc. no. 4.) On November 21, 2012, the Clerk entered default against Defendant. (Doc. no. 6.) On

---

[2] The Government has supplied certified copies of Defendant's tax assessments. (See Ex. A.)

2

April 24, 2013, the Government filed the present motion for default judgment. (Doc. no. 7.)

## II. DISCUSSION

"The entry of a default judgment is committed to the discretion of the district court . . . ." Hamm v. DeKalb County, 774 F.2d 1567, 1576 (11th Cir. 1985) (citation omitted); see Fed. R. Civ. P. 55(b). "Defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for a judgment entered. . . . The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[3] For a default judgment, "three distinct matters [are] essential in considering any default judgment: (1) jurisdiction; (2) liability; and (3) damages." Pitts ex rel. Pitts v. Senecar Sports, Inc., 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004).

This Court has subject matter jurisdiction to enter a federal tax judgment against Defendant. See 26 U.S.C. § 7402; 28 U.S.C. §§ 1331, 1340, 1345. Moreover, the Government's submitted Declarations establish that Defendant is not incompetent, an infant, or serving in any of the branches of the

---

[3] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).

3

Uniformed Services. (See White Decl. ¶ 11; Russell Decl.); 50 U.S.C. app. §§ 511, 561; see also 10 U.S.C. § 101(a)(5). At issue, therefore, are Defendant's liability and the calculation of damages.

**A.   Liability**

26 U.S.C. § 6672 seeks to assure that taxes collected by employers are paid over to the United States by holding an employer's officers responsible for its delinquencies. Slodov v. United States, 436 U.S. 238, 247 (1978). Section 6672 provides:

> Any person required to collect, truthfully account for, and pay over any tax imposed . . . who willfully fails to . . . truthfully account for and pay over such tax . . . shall, in addition to other penalties, be liable to a penalty equal to the total amount of the tax . . . not accounted for and paid over.

26 U.S.C. § 6672(a). The test for liability under this statute has two elements: "(1) a responsible person (2) who has willfully failed to perform a duty to . . . pay over federal employment taxes." Brown v. United States, 439 F. App'x 772, 776 (11th Cir. 2011) (quoting Thosteson v. United States, 331 F.3d 1294, 1298 (11th Cir. 2003)).

<u>1.   Defendant was a Responsible Person under § 6672</u>

Turning to the "responsible person" requirement under 6672(a),

> Section 6672 responsibility is a matter of the power and authority to make payment of withholding taxes,

4

> which is not dispositively determined by corporate title or position. Indicia of responsibility include the holding of corporate office, control over financial affairs and authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.

Thosteson, 331 F.3d at 1299. Certainly, more than one person may be a "responsible person" under § 6672, George v. United States, 819 F.2d 1008, 1011 (11th Cir. 1987), and the Court interprets this term broadly, Williams v. United States, 931 F.2d 805, 810 (11th Cir. 1991). In the present case, Defendant was the 50 percent owner and vice president of Medical Solutions. In addition, Defendant made financial decisions for Medical Solutions, had and exercised check-signing authority, and authorized payment of payroll during the relevant taxable periods. Based on this level of control of Medical Solutions generally and Defendant's control of Medical Solutions's payroll specifically, the Court finds that Defendant is a "responsible person" under § 6672. See Brown, 439 F. App'x at 773-77 (holding that the defendant was a "responsible person" where the defendant was the president of the company, the authorized signatory on the company's bank accounts, signed the company's payroll checks, and was responsible for collecting and paying employment taxes for the company's employees).

2.  The "Willfulness" Element of § 6672

In applying the "willful failure" element of § 6672, the Eleventh Circuit employs a burden-shifting scheme: "Once an individual is established as a 'responsible person' [under § 6672], the burden shifts to the individual to disprove willfulness." Malloy v. United States, 17 F.3d 329, 331 (11th Cir. 1994). There are powerful reasons to promote energetic governmental enforcement of tax liabilities. "[T]axes are the lifeblood of government, and their prompt and certain availability an imperious need." Bull v. United States, 295 U.S. 247, 259 (1935). Without a decisive, expeditious mechanism to collect tax obligations, the United States would be forced to resort to more extreme methods. Id. at 259-60. Accordingly, "the usual procedure for recovery of debts is reversed in the field of taxation. Payment precedes defense, and the burden of proof, normally on the claimant, is shifted to the taxpayer." Id. at 260. Further, federal tax assessment issued by the Internal Revenue Service is presumed valid. See Welch v. Helvering, 290 U.S. 111, 115 (1933); United States v. Chila, 871 F.2d 1015, 1017-18 (11th Cir. 1989).

A majority of the circuits, including the Eleventh Circuit, have also applied this scheme when the claimant is the Government. See, e.g., United States v. White, 466 F.3d 1241, 1248 (11th Cir. 2006); United States v. McCombs, 30 F.3d 310, 318-19 (2d Cir. 1994); United States v. Vespe, 868 F.2d 1328,

6

1331 (3d Cir. 1989); United States v. Heerwagen, No. 92-1635, 1993 WL 185724, at *3 (5th Cir. May 19, 1993); United States v. Kim, 111 F.3d 1351, 1357 (7th Cir. 1997); United States v. Strebler, 313 F.2d 402, 403-04 (8th Cir. 1963); United States v. Molitor, 337 F.2d 917, 922 (9th Cir. 1964). The policies underlying this scheme are well-founded:

> Had the taxpayer chosen to follow either of the more typical methods available for questioning his tax liability—such as a suit for refund of asserted overpayments—he would have had the burden of [persuasion] . . . . We can see no reason why the taxpayer should be in any better position when he takes advantage of none of the available procedures and rather waits until the Government has to resort to enforcing its lien before he attempts to cast doubt upon the underlying tax liability.

McCombs, 30 F.3d at 319.

Admittedly, the law favors resolving cases on the merits over granting default judgments. In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003). In addition, this burden-shifting scheme permits the Government to present no evidence as to Defendant's willfulness, a principle element of § 6672. Nevertheless, as already described above, § 6672 seeks to assure payment of taxes collected by employers by holding an employer's officers responsible for the employer's delinquency. Slodov, 436 U.S. at 247 (1978). Placing the burden on the "responsible person" in this case would not disturb the posture in a typical tax case, where the taxpayer bears the burden of

7

persuasion. The "responsible person" has better access to the relevant information than the Government, namely, that person's subjective intent and role in the employer's failure to send the withheld funds to the Government. Raleigh v. Illinois Dep't of Revenue, 530 U.S. 15, 21 (2000). Further, this allocation incentivizes "responsible persons" to ensure that their companies comply with the tax code, self-report, and keep accurate records. Id. Rewarding a defaulted defendant by placing the burden of proof on the Government would frustrate these objectives, not advance them.

Second, a number of procedural safeguards minimize the threat of erroneous determinations. The Internal Revenue Service offers a number of administrative mechanisms before a tax assessment becomes final to resolve the underlying dispute or to provide a refund for an erroneous collection. See Bull, 295 U.S. at 260. Moreover, a default judgment may be overturned either for "good cause" or for any of the reasons provided in Federal Rule of Civil Procedure 60(b). Fed. R. Civ. P. 55(c); see also Compania Interamericana Export-Import, S.A. v. Compania Dominicana, 88 F.3d 948, 951 (11th Cir. 1996) (outlining the factors to determine whether "good cause" has been shown). In the present case, however, Defendant not only has spurned these administrative safeguards but also has forced the Government to

pursue litigation in order to enforce Defendant's TFRPs. See McCombs, 30 F.3d at 319.

Upon the foregoing, it is appropriate to maintain the Eleventh Circuit's burden-shifting scheme under § 6672 when a defendant defaults in a suit brought by the Government. Here, because Defendant has defaulted in the present suit, she has failed to meet her burden to disprove that she "willfully failed to perform a duty to . . . pay over federal employment taxes." See Brown, 439 F. App'x at 776.

Accordingly, the Court concludes that the Government has established Defendant's liability under § 6672.

**B.    Damages**

Generally, a court may enter a default judgment without conducting a hearing "if the amount claimed is a liquidated sum or one capable of mathematical calculation," or where "the record adequately reflects the basis for the award via a . . . demonstration by detailed affidavits establishing the necessary facts." Select Medical Corp. v. Allen, No. 5:11-CV-406(CAR), 2012 WL 5879821, at *3 (M.D. Ga. Nov. 21, 2012) (citing Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985)). "An assessment of federal tax by the Internal Revenue Service is presumed valid." United States v. McHaffie, No. 1:07-CV-3012-CC, 2008 WL 572493, at *2 (N.D. Ga. Dec. 29, 2008) (citing Welch v. Helvering, 290 U.S. 111, 115

9

(1993); Bone v. Comm'r, 324 F.3d 1289, 1293 (11th Cir. 2003)). If the assessment were challenged, the "taxpayer bears the burden of overcoming the presumption of correctness by proving, by a preponderance of the evidence, that the Commissioner's determinations were incorrect." McHaffie, 2008 WL 572493, at *2. Here, Defendant has not disputed the validity of the assessments.

Moreover, the Declaration of Internal Revenue Service Officer Belinda G. White and the certified copies of Defendant's tax assessments remove any question as to the amount of Defendant's TFRPs and accruing interest. (See White Decl., Ex. A.) These tax assessments detail the penalty balances against Defendant: $37,505.79 for the fourth quarter of 2001, $70,163.50 for the first quarter of 2002, and $12,990.26 for the third quarter of 2002. (Id.) A true and correct schedule of the accrued interest is also attached to Revenue Officer White's Declaration. (Id., Ex. B.) The schedule details the accrued interest from Defendant's tax assessments through March 31, 2013: $44,808.24 for the fourth quarter 2001 assessment, $49,799.66 for the first quarter 2002 assessment, and $8,151.39 for the third quarter 2002 assessment. (Id.) In total, Defendant's liability under § 6672 amounts to $120,659.55 in assessed taxes and $102,759.29 in accrued interest through March 31, 2013.

### III. CONCLUSION

Based upon the foregoing, the Government's motion for default judgment against Defendant (doc. no. 7) is **GRANTED**. The Clerk is **DIRECTED** to enter judgment in favor of the Government and against Defendant Shahida F. Patka for the total amount of **$223,418.84**. Interest shall accrue from March 31, 2013 pursuant to 28 U.S.C. § 1961(c) and 26 U.S.C. §§ 6601, 6621, and 6622, until the Government is paid in full. Pursuant to Federal Rule of Civil Procedure 54(d), the Government is awarded costs. The Clerk is **DIRECTED** to **TERMINATE** all deadlines and motions, and **CLOSE** the case.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of October, 2013.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA